J. Henk Taylor – State Bar No. 016321
**WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
E-mail: htaylor@warnerangle.com

*Proposed Counsel for the Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **In Re:** | **Case No. 2:23-bk-02832-DPC** |
| **LEGACY CARES, INC.,** | **Chapter 11** |
| **Debtor.** | **DECLARATION OF KATHRYN MAILLOUXIN SUPPORT APPLICATION UNDER 28 U.S.C. § 156(c) TO EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT** |

Kathryn Mailloux, being duly sworn, deposes and states:

1. I am a Senior Director of Consulting Services of Epiq Corporate Restructuring, LLC ("Epiq"), and I am authorized to make and submit this declaration on behalf of Epiq (the "Declaration"). The statements contained herein are based upon personal knowledge. Epiq submits this Declaration in support of the application (the "Application") of the above-captioned debtor and debtor in possession ("Debtor") for entry of an order authorizing the employment and retention of Epiq as the Debtor's

notice, claims and solicitation agent in the above-captioned Debtor's chapter 11 case (the "Chapter 11 Case") effective as of the Petition Date[1] pursuant to section 156(c) of title 28 of the United States Code and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and to approve the Services Agreement, dated March 15, 2023 (the "Engagement Agreement"). The Engagement Agreement is attached to the Application as **Exhibit B**.

2. Epiq is one of the country's leading chapter 11 administrators with expertise in noticing, claims processing, balloting administration, and distribution. Epiq is well-qualified to provide experienced claims and noticing services in connection with these Chapter 11 Cases. Epiq is or was retained as the claims and noticing agent in a number of large chapter 11 cases including, but not limited to, the following: *See, e.g.*, *In re 1 Global Capital LLC, et al.,* No. 18-19121 (RBR) (Bankr. S.D. Fla. Sept. 26, 2018); *In re Robb & Stucky Limited LLLP,* No. 11-02801 (CED) (Bankr. M.D. Fla. Feb. 24, 2011); *In re Pipeline Health System, LLC, et al.,* No. 22-90291 (MI) (Bankr. S.D. Tex. Oct. 3, 2022); *In re Compute North Holdings, Inc., et al.,* No. 22-90273 (MI) (Bankr. S.D. Tex. Sept. 22, 2022);  *In re Am. Eagle Del. Holding Co. LLC*, No. 22-10028 (JKS) (Bankr. D. Del. Jan. 18, 2022); *In re Highpoint Res. Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. Mar. 16, 2021); *In re RTI Holding Company, LLC,* No. 20- Case 20-12456 (JTD) (Bankr. D. Del. Oct 7, 2020); *In re Town Sports International LLC,* No. 20-12168, (CSS)

Warner Angle Hallam Jackson & Formanek PLC

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

- 2 -

(Bankr. D. Del. Sept. 16, 2020); *In re RGNGroup Holdings, LLC,* No. 20-11961 (BLS) (Bankr. D. Del. Aug. 19, 2020); *In re Tonopah Solar Energy, LLC,* No. 20-11884 (KBO) (Bankr. D. Del. July 31, 2020); *In re Lucky Brand Dungarees, LLC,* No. 20-11768 (CSS) (Bankr. D. Del. July 6, 2020); *In re Techniplas, LLC*, No. 20-11049 (LSS) (Bankr. D. Del. June 3, 2020); *In re Advantage Holdco, Inc.,* No. 20-11259 (JTD) (Bankr. D. Del. May 29, 2020); *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. Apr. 09, 2020); *In re BroadVision, Inc.,* No. 20-10701 (CSS) (Bankr. D. Del. Apr. 1, 2020); *In re Hygea Holdings Corp.*, No. 20-10361 (KBO) (Bankr. D. Del. Mar. 19, 2020); *In re Earth Fare, Inc.*, No. 20-10256 (KBO) (Bankr. D. Del. Feb. 6, 2020); *In re Southland Royalty Co. LLC*, No. 20-10158 (KBO) (Bankr. D. Del. Jan. 29, 2020); *In re RUI Holding Corp.,* No. 19-11509, (JTD) (Bankr. D. Del. Jul. 7, 2019); *In re Triangle Petroleum Corp.*, No. 19-11025 (MFW) (Bankr. D. Del. May 9, 2019); *In re Kona Grill, Inc.*, No. 19-10953 (CSS) (Bankr. D. Del. May 2, 2019); *In re WMC Mortg., LLC*, No. 19-10879 (CSS) (Bankr. D. Del. Apr. 24, 2019); *In re F+W Media, Inc.*, No. 19-10479 (KG) (Bankr. D. Del. Mar. 12, 2019).

3.      Debtor selected Epiq to serve as the notice, claims and solicitation agent as set forth in more detail in the Application. To the best of my knowledge, neither Epiq nor any of its professional personnel have any relationship with Debtor that would impair Epiq's ability to serve as notice, claims and solicitation agent.

4.      Epiq may have or may have had relationships with some of Debtor's creditors and may provide or may have provided professional services to entities or

Warner Angle Hallam Jackson & Formanek PLC

persons that may be creditors or parties in interest in this Chapter 11 Case. These relationships and the services provided are, however, in matters completely unrelated to this Chapter 11 Case.

5. Epiq has working relationships with certain of the professionals retained by Debtor and other parties herein, but such relationships are completely unrelated to this Chapter 11 Case. Epiq has represented, and will continue to represent, clients in matters unrelated to this Chapter 11 Case, and has had, and will continue to have, relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to this Chapter 11 Case.

6. In addition, Epiq personnel may have relationships with some of Debtor's creditors; however, such relationships are completely unrelated to this Chapter 11 Case.

7. Epiq is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), in that Epiq and its professional personnel:

(a) are not creditors, equity security holders, or insiders of Debtor;

(b) are not, and were not, within two years before the date of the filing of this Chapter 11 Case, directors, officers, or employees of Debtor; and

(c) do not have an interest materially adverse to the interests of Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor.

8. To the extent that Epiq's conflicts check has revealed that certain Potential Parties-in-Interest were current or former clients of Epiq within the past three years, these

Warner Angle Hallam Jackson & Formanek PLC

parties have been identified on a list annexed hereto as **Schedule 1** (the "Client Match List").  However, given Epiq's neutral position as claims and noticing agent or administrative advisor for any parties listed on the Client Match List, Epiq does not view such relationships as real or potential conflicts.  Further, to the best of my knowledge, any such relationship between Epiq and any parties on the Client Match List is completely unrelated to the Chapter 11 Case.

9.     Epiq has not been retained to assist any entity or person other than Debtor on matters relating to, or in connection with, the Chapter 11 Case.  If Epiq's proposed retention is approved by this Court, Epiq will not accept any engagement or perform any service for any entity or person other than Debtor in this Chapter 11 Case.

10.     Epiq represents, among other things, that:

(a)     it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as notice, claims and solicitation agent;

(b)     by accepting employment in these Chapter 11 Cases, Epiq waives any right to receive compensation from the United States government;

(c)     in its capacity as notice, claims and solicitation agent, Epiq will not be an agent of the United States and will not act on behalf of the United States; and

(d)     Epiq will not employ any past or present employees of Debtor in connection with its work as notice, claims and solicitation agent.

Warner Angle Hallam Jackson & Formanek PLC

Warner Angle Hallam Jackson & Formanek PLC

11.     Epiq is a wholly owned subsidiary of Epiq Systems, Inc., which is corporate parent to certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapter 7 and 13 bankruptcy, litigation, and regulatory compliance.  Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

12.     Epiq Systems, Inc. is a wholly owned subsidiary of Document Technologies, LLC ("DTI"), a global legal process outsourcing company, which is an ultimate wholly owned subsidiary of DTI Topco, Inc. ("DTI Topco").  DTI Topco is a privately-held entity with majority ownership held by OMERS Administration Corporation ("OAC"), the administrator of the OMERS pension funds, and managed by OMERS Private Equity Inc. ("OPE", which together with OAC are referred to as "OMERS"), and funds managed by Harvest Partners, LP, ("Harvest") a leading private equity investment firm.

13.     Neither DTI, DTI Topco, OMERS nor Harvest are currently identified on the Potential Parties in Interest list.  However, the following disclosure is made out of an abundance of caution and in an effort to comply with the Bankruptcy Code and Bankruptcy Rules.

Warner Angle Hallam Jackson & Formanek PLC

14. Designees of OMERS and Harvest are members of the Board of Directors of DTI Topco ("Parent Board Designees"). No designees of OMERS or Harvest are members of the Board of Directors of DTI or Epiq, or any other subsidiaries of DTI. Further, Epiq has the following restrictions in place (collectively, the "Barrier"): (i) prior to Debtor commencing this Chapter 11 Case, Epiq did not share the names or any other information identifying Debtor with DTI, DTI Topco, OMERS, Harvest, or the Parent Board Designees; (ii) Epiq has not and will not furnish any material nonpublic information about Debtor to DTI, DTI Topco, OMERS, Harvest, or the Parent Board Designees; (iii) no DTI, DTI Topco, OMERS or Harvest personnel, including the Parent Board Designees, work on Epiq client matters or have access to Epiq client information, client files, or client personnel; (iv) no DTI, DTI Topco, OMERS or Harvest personnel, including the Parent Board Designees, work in Epiq's offices; (v) other than the Parent Board Designees, Epiq operates independently from DTI, DTI Topco, OMERS and Harvest, including that it does not share any employees, officers or other management with OMERS or Harvest, has separate offices in separate buildings, and has separate IT systems; and (vi) no Epiq executive or employee is a director, officer or employee of OMERS or Harvest (or vice versa other than the Parent Board Designees).

15. Epiq has searched the names of DTI, DTI Topco, OMERS and Harvest against Debtor and the Potential Parties in Interest list provided by Debtor. Based solely on the foregoing search, Epiq has determined, to the best of its knowledge, that there are no connections. Because of any applicable securities laws and the fact that Epiq operates

Warner Angle Hallam Jackson & Formanek PLC

independently from DTI, DTI Topco, OMERS and Harvest, prior to the Petition Date, Epiq was unable to further investigate with either DTI, DTI Topco, OMERS or Harvest, to the extent necessary, any potential or actual connection between either OMERS or Harvest and the Debtors and the Potential Parties In Interest.

16. Based on, among other things, the business separation between Epiq, OMERS and Harvest, and in light of the administrative nature of the services proposed to be performed by Epiq for Debtor, Epiq believes that it does not hold or represent an interest adverse to Debtor.

17. To the extent that Epiq discovers any connection with any interested party or enters into any new relationship with any interested party, Epiq will promptly supplement its disclosure to the Court.

18. Subject to Court approval, Debtor has agreed to compensate Epiq for professional services rendered pursuant to 28 U.S.C. §156(c) in connection with these Chapter 11 Cases according to the terms and conditions of the Engagement Agreement. Payments are to be based upon the submission of a billing statement by Epiq to Debtor after the end of each calendar month, which includes a detailed listing of services and expenses.

19. Epiq will comply with all requests of the Clerk of the Court and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

20.     Neither Epiq nor its affiliates are party to any agreements where it/they receive(s) consideration in exchange for transferring information derived from its role as a claims agent under 28 U.S.C. § 156(c) to non-client third parties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed on this 2nd day of May, 2023.

Kathryn Mailloux
Senior Director, Consulting Services
Epiq Corporate Restructuring, LLC

# SCHEDULE 1

## Client Match List

| Name | Relationship to Debtors |
|---|---|
| UMB Bank, N.A. | Secured Creditor |