SO ORDERED.

Dated: May 5, 2023

Daniel P. Collins, Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>LEGACY CARES, INC.,<br>      Debtor. | Case No. 2:23-bk-02832-DPC<br><br>Chapter 11<br><br>**INTERIM ORDER RE: USE OF CASH COLLATERAL AND POSTPETITION FINANCING ON PRIMING, SUPERPRIORITY AND SECURED BASIS** |

  Legacy Cares, Inc., debtor and debtor-in-possession ("Debtor") filed its *Motion For Orders (1) Authorizing Debtor to Obtain Postpetition Financing on Priming, Superpriority and Secured Basis; (2) Permitting Use of Cash Collateral; (3) Granting Interim and Additional Relief; and (4) Scheduling a Final Hearing Under Bankruptcy Rule 4001(c)* [ECF No. 3] ("Motion")[1] which requested entry of interim and final orders

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Priming Superpriority Debtor-In-Possession Credit Agreement ("Credit Agreement") or the Motion unless specifically defined herein.

pursuant to Bankruptcy Code §§105(a), 363(a) and 364 of the Bankruptcy Code, Bankruptcy Rules 4001(b) and (c) and 9014, and Local Rules 4001-2 and 4001-4. Notice of the expedited hearing on the Motion was provided to the U.S. Trustee, the 20 largest unsecured creditors, UMB Bank, N.A., the ML Claimants and those parties having requested notice as evidenced by the Affidavit on Service on file (DE 18).

The Court conducted an expedited hearing on the Motion on May 4, 2023.

The Court having considered the Motion, the Declarations of Douglas Moss and Keith Bierman in support of the Motion, the arguments of counsel at the expedited hearing, and the full record before it, and good cause appearing,

THE COURT FINDS, CONCLUDES, AND HOLDS on an interim basis:

A. Debtor's actions in connection with the DIP Credit Facility are validly authorized.

B. Debtor provided adequate notice of the motion and hearing conducted on May 4, 2023, for entry of an interim order, as required by Bankruptcy Rules 2002, 4001, 9013, and 9014 and this Court's local rules.

C. With respect to Debtor's use of cash collateral, Debtor lacks the ability to operate its business and preserve its going concern value without use of cash collateral on an emergency, interim basis.

D. With respect to Debtor's post-petition borrowing, Debtor lacks the ability to operate its business and preserve its going concern value without borrowing funds on an emergency, interim basis.

E. Based on the evidence submitted and the representations of the parties to date, Debtor is unable to obtain post-petition financing on terms better for the estate than offered in the DIP Credit Facility from UMB.

F. The terms of the DIP Credit Facility properly provide adequate protection as and to the extent required by Bankruptcy Code §§ 361, 363 and 364.

G.  Based on the evidence submitted and the representations of the parties to date, the terms of the DIP Credit Facility are proposed by UMB in good faith and in order to preserve Debtor's essential business value. Debtor's determination to enter into the DIP Credit Facility is an appropriate exercise of Debtor's business judgment.

IT IS HEREBY ORDERED:

1.  Approving the Motion on an interim basis, authorizing Debtor to enter into the DIP Credit Facility.

2.  Debtor is allowed to use cash collateral and the DIP Credit Facility on an interim basis pursuant to Section 2.3 of the Credit Agreement strictly in accordance with the Chapter 11 DIP Budget at DE 3, Exhibit B.

3.  The terms of Debtor's use of cash collateral and post-petition borrowing shall be, on an interim basis, as provided in the DIP Credit Facility and this Interim Order.

4.  Debtor used cash collateral of UMB on an interim, emergency basis to make payroll in the amount of $411,264 with UMB's consent. Such interim use of cash collateral is fully protected by the terms of the DIP Credit Facility and this Interim Order.

5.  To secure the obligations evidenced by the DIP Credit Facility on an interim basis, pursuant to Bankruptcy Code §§ 361, 363, 364, UMB is hereby granted continuing, valid, binding, enforceable, non-avoidable and automatically and properly perfected post-petition security interests and liens on (i) all property of the estate with the same priority as UMB's liens had on the Petition Date, and (ii) junior liens on all property of the estate, and (iii) senior liens on all property of the estate that was unencumbered on the Petition Date.

6.  To adequately protect UMB with respect to Debtor's use of cash collateral, and notwithstanding Bankruptcy Code § 552, all liens of UMB shall attach to collateral acquired by Debtor after the bankruptcy filing to the extent that, and in the priority of, UMB's liens on the Petition Date.

7. Solely for purposes of this Interim Order, Debtor is not authorized to grant UMB post-petition liens on chapter V causes of action; and UMB's lien, if any, on estate causes of action against insiders and other third-parties is limited to liens that were valid and prior on such collateral on the Petition Date.

8. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection and priority of all liens granted in this Interim Order without the necessity of any additional filing, recording or other action by UMB.

9. The Debtor is the only party waiving or releasing any claim against UMB pursuant to the terms of this Interim Order. Nothing in this Interim Order shall be construed as a waiver of the estate's claims that might be brought by an official unsecured creditors committee or other eligible litigant on the estate's behalf.

10. Notwithstanding anything in the DIP Credit Facility, the Budget, or this Interim Order to the contrary, nothing in the DIP Credit Facility, the Budget, or this Interim Order (including, but not limited to, partial payment of obligations arising under *Master Lease Agreement No. 9586* ("Insight Lease")), shall be deemed to affect, waive, or diminish any party's rights arising under or related to the Insight Lease. All parties' rights arising under or related to the Insight Lease, including all rights under Bankruptcy Code § 365, are fully preserved.

11. Based on the evidence presented and representations of the parties at the hearing, UMB has acted in good faith in connection with the DIP Credit Facility and this Interim Order and is entitled to rely upon the protections of Bankruptcy Code § 364(e).

12. A final hearing on Debtor's Motion is scheduled for May 25, 2023, at 1:00 pm at the United States Bankruptcy Court for the District of Arizona, Courtroom 603, 230 N. First Avenue, Phoenix, Arizona and counsel for Debtor is hereby directed to provide notice of the final hearing to all persons and entities entitled to notice. Objections to entry of a final order approving Debtor's Motion shall be filed not later than May 19, 2023.

**DATED AND SIGNED ABOVE.**

Approved as to form:

*/s/ Jennifer Giaimo*
Jennifer Giaimo
Attorney for the US Trustee


*/s/ Rob Charles*
Robert M. Charles, Jr.
Allison Whitehill
Lewis Roca Rothgerber Christie LLP
Counsel for UMB


*/s/ Brad Cosman*
Brad Cosman
Kathleen Allare
Perkins Coie LLP
Counsel for Insight Investments