# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In Re: | Case No. 2:23-bk-02382-DPC |
|---|---|
| LEGACY CARES, INC., | Chapter 11 |
| Debtor. | |

**INTERIM ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE: (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, DEBTOR ON ACCOUNT OF PREPETITION AMOUNTS DUE; (B) AUTHORIZING DEBTOR TO ESTABLISH THE ADEQUATE ASSURANCE DEPOSIT ACCOUNT AND PAY THE ADEQUATE ASSURANCE DEPOSITS; (C) ESTABLISHING PROCEDURES TO OBJECT TO THE MOTION; AND (D) <u>SCHEDULING A FINAL HEARING</u>**

Upon consideration of the Motion[1] of Legacy Cares, Inc., debtor and debtor-in-possession ("<u>Debtor</u>"), seeking entry of interim and final orders pursuant to section 366 of the Bankruptcy Code: (I) prohibiting the Utility Providers from altering, refusing or discontinuing services to, or discriminating against, Debtor or the Park on account of prepetition amounts due; (II) determining that the Utility Providers are adequately assured of future payment; (III) authorizing Debtor to establish the Adequate Assurance Account

---

[1] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Motion.

and pay its respective Adequate Assurance Deposit; (IV) establishing procedures to object to the Motion; (V) scheduling the Final Hearing; and (VI) granting related relief; and it appearing that the Bankruptcy Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of Debtor, its estate, and its creditors; and after due deliberation thereon, and good and sufficient cause appearing therefor;

IT IS ORDERED that:

1. the Motion is GRANTED;

2. that subject to the entry of the Final Order, no Utility Provider may: (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, Debtor or the Park on the basis on the commencement of this Chapter 11 case or on account of outstanding prepetition amounts due; or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to Debtor or the Park receiving utility services;

3. Debtor is authorized, but not directed, to pay on a timely basis and in accordance with its pre-petition practices, all undisputed invoices for post-petition Utility Services provided by the Utility Providers;

4. Debtor shall, on or before twenty (20) days after the Petition Date, deposit a sum equal to fifty percent (50%) of Debtor's estimated average monthly cost of Utility Services (an "Adequate Assurance Deposit") into an interest-bearing, newly-created, segregated account (an "Adequate Assurance Account"), pending further order of the Bankruptcy Court, for the purpose of providing each Utility Provider adequate assurance of payment of its post-petition Utility Services to Debtor;

5. Debtor may adjust the amount in the Adequate Assurance Accounts to: (i) reflect the termination of Utility Services by Debtor regardless of any Additional Assurance Requests; and (ii) reflect agreements with Utility Providers;

6. Debtor is authorized, without further order of the Bankruptcy Court, to enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if Debtor, in its discretion, determine that the Additional Assurance Request is reasonable;

7. nothing in this Order or the Motion constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on Exhibit 1 to the Motion;

8. nothing in this Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code;

9. that all objections ("Objections") must be filed with the Bankruptcy Court and served no later than May 19, 2023, at 4:00 p.m., Arizona Time ("Objection Deadline"). Any Utility Provider that does not file an Objection prior to the Objection Deadline shall be deemed to consent to, and shall be bound by, this Interim Order and the Final Order;

10. that a Final Hearing to resolve any Objections filed prior to the Objection Deadline shall be conducted on May 25, 2023 at 1:00 p.m. prevailing Arizona Time;

11. Debtor shall serve a copy of this Order on each Utility Provider listed on Exhibit 1 to the Motion within five (5) business days of the date this Order is entered, and shall also serve this Order on each Utility Provider subsequently added to Exhibit 1 by Debtor or as a result of the Adequate Assurance Procedures;

12. the terms and conditions of this Order shall be effective and enforceable immediately upon its entry; and

13. this Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**DATED AND SIGNED ABOVE.**

Approved as to form:

*/s/ Jennifer Giaimo*
Jennifer Giaimo
Attorney for the US Trustee

- 4 -