J. Henk Taylor – State Bar No. 016321
**WARNER ANGLE HALLAM**
**JACKSON & FORMANEK PLC**
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
E-mail:  htaylor@warnerangle.com

*Counsel for the Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>**LEGACY CARES, INC.,**<br><br>               **Debtor.** | Case No. 2:23-bk-02382-DPC<br><br>Chapter 11<br><br>**DECLARATION OF DOUGLAS MOSS IN SUPPORT OF MOTION TO EMPLOY AND COMPENSATE NON-BANKRUPTCY PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS RETROACTIVE TO THE PETITION DATE** |

DOUGLAS MOSS, under penalty of perjury, states:

1.  I am the President of Legacy Cares, Inc., debtor and debtor in possession ("Debtor") in the above- captioned Chapter 11 case.

2.  As the President of Debtor, I am familiar with Debtor's general business and financial affairs. I submit this affidavit on personal knowledge as the President of Debtor in connection with Debtor's *Motion for Order Authorizing the Debtor to Employ and Compensate Non-Bankruptcy Professionals in the Ordinary Course of*

*Business Retroactive to the Petition Date*, filed contemporaneously with this Declaration. The statements set forth below are true to the best of my personal knowledge and if called to testify to those statements, I would do so competently.

3. Debtor employs certain professionals—accountants, tax advisors and public relations firms—in the ordinary course of its business (the "OCPs"). The OCPs provide services for Debtor in a variety of matters unrelated to this Chapter 11 case, including accounting, CFO services and public relations.

4. The continued employment and compensation of the OCPs is in the best interests of the estate, creditors, and other parties-in-interest. Although Debtor anticipates that the OCPs will wish to continue to represent and work with Debtor on an ongoing basis, some may not be in a position to do so if Debtor cannot pay them on a regular basis or if there are unresolved questions regarding Debtor's authority to pay them during the course of this case. Without the background knowledge, expertise, and familiarity that the OCPs have relative to Debtor and its operations, Debtor undoubtedly would incur additional and unnecessary expenses in educating replacement professionals about Debtor's business and financial operations. Debtor's estate and its creditors are best served by avoiding any disruption in the professional services that are required for the day-to-day operation of Debtor's business. Moreover, in light of the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, Debtor submits that it would be impractical, inefficient, and extremely costly for Debtor and its legal advisors to prepare and submit individual applications and proposed orders for each OCP.

5. Although some of the OCPs may hold relatively small unsecured claims against Debtor in connection with services rendered to Debtor pre-petition, Debtor does not believe that any of the OCPs have an interest materially adverse to Debtor, its creditors, or other parties-in-interest.

6. In light of the significant costs associated with the preparation of employment applications for professionals who will neither render bankruptcy-related services nor receive relatively substantial fees, Debtor submits that it would be impractical, inefficient, and needlessly costly for Debtor and its counsel to prepare and submit individual employment applications and proposed orders for each OCP. Therefore, Debtor submits that it is in the best interest of all creditors and parties-in-interest to avoid any disruption in the professional services that are required for the day-to-day operation of Debtor's business by employing and compensating the OCPs in accordance with the Compensation Procedures.

7. If Debtor is to minimize any disruption to its business operations as a result of this Chapter 11 case, it must be able to avail itself of the services of its OCPs.

Dated: May 17, 2023

                                      */s/ Douglas Moss*
                                      Douglas Moss

Case 2:23-bk-02832-DPC    Doc 99    Filed 05/17/23    Entered 05/17/23 09:22:10    Desc
Main Document    Page 3 of 3