

402 E. Southern Ave.
Tempe, AZ 85282
Telephone: (602) 888-9229
Facsimile: (480) 725-0087
D. Lamar Hawkins – 013251
E-Mail: lamar@guidant.law
JoAnn Falgout – 015052
E-Mail: joann@guidant.law
*Attorneys For Image Building Systems, LLC, Sprayfoam Southwest, Inc. and D. H. Pace Company, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LEGACY CARES, INC., an Arizona non-profit corporation,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:23-bk-02832-DPC<br><br>**IMAGE BUILDING SYSTEMS, LLC, SPRAYFOAM SOUTHWEST, INC., AND D. H. PACE COMPANY, INC.'S LIMITED OBJECTION TO FIRST DAY MOTION [DE 3]** |

Image Building Systems, LLC, Sprayfoam Southwest, Inc., and D. H. Pace Company, Inc. (collectively, the "**Mechanics Lien Holders**"), through counsel undersigned, file this limited objection to the Debtor's *Motion for Orders (I) Authorizing Debtor to Obtain Postpetition Financing on Priming, Superpriority and Secured Basis; (II) Permitting Use of Cash Collateral; (III) Granting Interim and Additional Relief; and (IV) Scheduling a Final Hearing Under Bankruptcy Rule 4001(c)* (the "Motion")[DE 3].

The Mechanics Lien Holders are subcontractors who have provided labor and materials for construction of the Debtor's facilities and who have recorded mechanics' liens with respect to the Debtor's assets and with respect to its landlord, Pacific Proving, LLC ("**Pacific**") assets to protect their interest in receiving payment for the materials provided and work performed for the Debtor. The Mechanics Lien Holders assert that their liens are

1

Case 2:23-bk-02832-DPC   Doc 122   Filed 05/19/23   Entered 05/19/23 16:11:09   Desc
Main Document    Page 1 of 4

or may be senior in priority to any prepetition liens asserted by the proposed postpetition secured lender, UMB Bank, N.A. ("**UMB**") and/or Okland Construction Company, Inc. ("**Okland**") as well as to other prepetition secured creditors. They also assert rights under various payment bonds.

The Mechanics Lien Holders are concerned that some of the relief that the Debtor seeks may impair their rights. They understand and even support the need for the Debtor to obtain post-petition financing and use cash collateral in order to finance operations and generate sufficient funds to pay their creditors, and thus they do not object to much of the relief requested in the Debtor's Motion. However, the Mechanics Lien Holders do assert the following specific objections:

The Mechanics Lien Holders are concerned that the proposed Credit Agreement may be interpreted to impair their rights with respect to the Debtor, Pacific, UMB, and/or other nondebtor parties in connection with their prepetition security interests.

The Mechanics Lien Holders also support and join the U.S. Trustee's Objection [DE 30 at 8] that the secured lender should not have a secured interest in the estate's avoidance actions and/or other claims against insiders and third parties, and that the secured lender should not receive a release of all claims against it, particularly at this early stage of the case, before the U.S. Trustee or any other creditors have had an opportunity to evaluate the existence, viability, and amount of such potential claims and determine whether it would benefit the Debtor's estate to release any such claims.

The Mechanics Lien Holders also join Kearney Electric, Inc. ("**Kearney**")'s objection [DE 121] that the Credit Agreement's definition of "Event of Default" (§ 8.1(l)) is defined too broadly to include a situation in which the Bankruptcy Court may grant stay relief to a creditor to permit foreclosure or that that might have a "Material Adverse Effect" with respect to the Debtor. Likewise, as Kearney asserts, if the Debtor fails to oppose any action that would impair UMB's rights and remedies under the Credit Agreement, such as a stay relief motion or litigation against third parties that might "materially affect" the Debtor, the Debtor is potentially in default under the Credit Agreement, § 8.1(f). The Mechanics

Lien Holders should not be required to sit on their rights with respect to nondebtor parties at the risk of causing a default under the Credit Agreement.

For these reasons, although the Mechanics Lien Holders do not object generally to the request for post-petition financing with liens against the Debtor's assets for such post-petition financing to be in first position or the Debtor's motion to use cash collateral as outlined in its Motion, they request that the Court clarify that the lender is not granted a secured interest in the estate's avoidance actions and/or other claims against insiders and third parties and does not receive a release of all claims against it, and that the Court include in any Final Order issued in connection with the Motion the following clarifications and protections for Mechanics Lien Holders:

1. The Mechanics Lien Holders retain their rights against Pacific, including their pre-petition and continuing lien rights against Pacific's assets.
2. The Mechanics Lien Holders retain their rights against UMB, including, but not limited to, their rights to assert any claims related to the validity, amount, and priority of any of UMB's prepetition liens with respect to the Mechanics Lien Holders' liens against the Debtor's assets and/or Pacific's assets.
3. The Mechanics Lien Holders retain their rights against Okland, including, but not limited to, their rights to assert any claims related to the validity, amount, and priority of Okland's liens with respect to the Mechanics Lien Holders' liens against the Debtor's assets and/or Pacific's assets.
4. The Mechanics Lien Holders retain their rights pursuant to any payment bonds that exist.
5. If the Mechanics Lien Holders pursue their state law rights and remedies against nondebtor parties, it will not trigger an Event of Default under the Credit Agreement.

WHEREFORE, Image Building Systems, LLC, Sprayfoam Southwest, Inc., and D. H. Pace Company, Inc. will agree to an order authorizing the post-petition financing and the use of cash collateral provided that their rights are protected as set forth above.

DATED this 19th day of May, 2023.

             GUIDANT LAW, PLC

             By: /s/ D. Lamar Hawkins #013251
               D. Lamar Hawkins
               JoAnn Falgout
               402 East Southern Avenue
               Tempe, AZ 85282
               *Attorneys For Image Building Systems, LLC, Sprayfoam Southwest, Inc. and D. H. Pace Company, Inc.*

E-FILED this 19th day of May, 2023 with the U.S. Bankruptcy Court and copies served via the Court's CM/ECF Notification System this day on all parties that have appeared in the case.

4

Case 2:23-bk-02832-DPC   Doc 122   Filed 05/19/23   Entered 05/19/23 16:11:09   Desc
Main Document   Page 4 of 4