# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>**LEGACY CARES, INC.,**<br><br>Debtor. | **Case No. 2:23-bk-02832-DPC**<br><br>**Chapter 11**<br><br>**FINAL ORDER (I) AUTHORIZING MAINTENANCE OF PREPETITION CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS; AND (II) GRANTING RELATED RELIEF** |

Legacy Cares, Inc., debtor and debtor-in-possession ("Debtor"), filed its *Motion for Interim and Final Orders (I) Authorizing Maintenance of Prepetition Cash Management System and Bank Accounts; and (II) Granting Related Relief* [ECF No. 4] ("Motion")[1], which requested entry of interim and final orders, pursuant to Sections 105, 363(c)(1), 1107(a), and 1108, and Local Rule 4001(e), authorizing Debtor to maintain its prepetition Cash Management System and the Bank Accounts;

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

and it appearing that the relief provided herein is in the best interests of Debtor's estate, its creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered all other pleadings and evidence submitted by the parties in connection with the Motion; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual grounds set forth in the Motion establish just cause for the relief granted herein; and the Court having considered the oral arguments of counsel at the final hearing held on May 25, 2023 ("Final Hearing"); and the Court having made findings of fact and conclusions of law on the record, which (to the extent not expressly set forth below) are incorporated herein pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Bankruptcy Rules 7052 and 9014; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted a final basis as set forth herein;

2. Debtor is authorized and empowered to: (1) maintain all accounts at UMB Bank, which is an authorized depository pursuant to the Uniform Depository Agreement between UMB Bank and the United States Trustee; (2) maintain its Cash Management System and continue to use all of the Restricted Bank Accounts in existence as of the Petition Date, with the Restricted Bank Accounts designated debtor-in-possession accounts; (3) treat the Restricted Bank Accounts for all intents and purposes as debtor-in-possession accounts; (4) use, in their present form,

existing checks and other documents related to the Bank Accounts; (5) pay prepetition and postpetition ordinary course bank fees in connection with the Restricted Bank Accounts; and (6) perform its obligations under the documents and agreements governing the Restricted Bank Accounts;

3. Debtor shall maintain records of all transfers and transactions within the Cash Management System so that all transfers and transactions are adequately and promptly documented;

4. The Bank is authorized and directed to: (1) continue to administer, service, and maintain the Restricted Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date without interruption and in the usual and ordinary course provided that the accounts, as redesignated as DIP accounts, shall be subject to the same terms, requirements, and conditions as required for all DIP accounts that the Bank has agreed to as an authorized depository; and (2) pay any and all checks, drafts, wires, automated clearinghouse (ACH) transfers, electronic fund transfers, or other items presented, issued, or drawn on the Restricted Bank Accounts (collectively, "Debits") dated after the Petition Date so long as there are sufficient collected funds in the relevant Restricted Bank Account and in accordance with the agreements governing said Restricted Bank Account, including, without limitation, any prepetition cash management agreements, merchant service agreements, or treasury services agreements to the extent that such agreements are consistent with the terms, requirements, and conditions required for all DIP accounts pursuant to the Bank's designation as an authorized depository;

5. For avoidance of doubt, no Debits issued on the Restricted Bank Accounts prior to, but presented after, the commencement of Debtor's Chapter 11

- 3 -
Case 2:23-bk-02832-DPC   Doc 133   Filed 05/24/23   Entered 05/24/23 17:45:31   Desc
Main Document    Page 3 of 6

Case shall be honored or paid, except as permitted by Court order after notice and a hearing;

6. Those certain existing deposit agreements between Debtor and the Bank shall continue to govern the post-petition cash management relationship between Debtor and the Bank, and all the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect soley to the extent that such agreements are consistent with the terms, requirements, and conditions required for all DIP accounts pursuant to the Bank's designation as an authorized depository;

7. Debtor and the Bank may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts to the extent that such changes are consistent with the terms, requirements, and conditions required for all DIP accounts pursuant to the Bank's designation as an authorized depository;

8. Nothing contained in this Order prevents Debtor from closing the Restricted Bank Accounts as it deems necessary and appropriate, provided, however, that at all times all DIP funds will be held in a DIP account;

9. Debtor shall reimburse the Bank for any claim arising prior to or after the Petition Date in connection with Debits deposited with the Banks which have been dishonored or returned for insufficient funds in the applicable accounts;

10. The Bank shall implement reasonable handling procedures to effectuate the terms requested in the Motion so long as such procedures are consistent with the terms, requirements and conditions required for all DIP accounts pursuant to the Bank's designation as an authorized depository. To the extent the Bank implements such handling procedure, the Bank shall not be liable to Debtor or its

- 4 -
Case 2:23-bk-02832-DPC    Doc 133    Filed 05/24/23    Entered 05/24/23 17:45:31    Desc
Main Document    Page 4 of 6

estate, or otherwise held in violation of this Order, for honoring a payment set forth in any order of the Court provided that the handling procedures do not violate the terms, requirements, and conditions required for all DIP accounts pursuant to the Bank's designation as an authorized depository;

11. The relief, rights, and responsibilities requested in the Motion and granted herein are deemed to apply to any and all the Restricted Bank Accounts;

12. To the extent any other order (if any) is entered directing the Banks to honor Debits made, drawn, or issued in payment of prepetition claims, the obligation to honor such items are subject to this Order or another order of this Court authorizing such expenditures;

13. Debtor and the Bank are authorized and directed to continue to perform pursuant to the terms of any prepetition documents and agreements governing the Restricted Bank Accounts, except and to the extent otherwise directed by the terms of this Order, solely to the extent that such agreements are consistent with the terms, requirements, and conditions required for all DIP accounts pursuant to the Bank's designation as an authorized depository;

14. The Bank is authorized to continue offsetting any funds deposited in the Restricted Bank Accounts by Debtor to the extent necessary to cover any fees, charges, and assessments set forth or provided for in the agreements governing the Restricted Bank Accounts or as otherwise permitted in the ordinary course of business pursuant to the agreements governing the Restricted Bank Accounts only to the extent such offsets are permitted by the terms, requirements, and conditions required for all DIP accounts pursuant to the Bank's designation as an authorized depository;

15. Debtor and the CC Processors are authorized to perform their obligations pursuant to the terms of the agreements between Debtor and the CC Processors. Debtor is authorized to do and perform all acts, to make, execute, and deliver all

instruments and documents, and to pay fees, charges, and expenses which may be required or necessary for Debtor's performance under any agreements with the CC Processors; and

16. The Restricted Bank Accounts shall remain as is and in place as they were prior to the Petition Date subject to the condition that the accounts have been redesignated and treated as DIP accounts and be subject to the terms, requirements, and conditions required for all DIP accounts pursuant to the Bank's designation as an authorized depository, including requirements for proper collateralization of such accounts;

**DATED AND SIGNED ABOVE.**

*/s/ Jennifer Giaimo*
Jennifer Giaimo
Attorney for the US Trustee