# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| In Re: | Case No. 2:23-bk-02832-DPC |
|---|---|
| LEGACY CARES, INC., | Chapter 11 |
| Debtor. | |

**FINAL ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE(I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, DEBTOR ON ACCOUNT OF PREPETITION AMOUNTS DUE; AND (II) DETERMINING THAT UTILITY COMPANIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT**

Upon consideration of the Motion[1] of Legacy Cares, Inc., debtor and debtor- in-possession ("Debtor"), seeking entry of interim and final orders pursuant to section 366 of the Bankruptcy Code: (I) prohibiting the Utility Providers from altering, refusing or discontinuing services to, or discriminating against, Debtor or the Park on account of prepetition amounts due; (II) determining that the Utility Providers are adequately assured of future payment; (III) authorizing Debtor to establish the Adequate Assurance Account and pay its respective Adequate Assurance Deposit; (IV) establishing procedures to object to the Motion; (V) scheduling the Final Hearing; and (VI) granting related relief; and the

---

[1] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Motion.

Bankruptcy Court having reviewed the Motion; and the Bankruptcy Court having considered the statements of counsel and the evidence adduced with respect to the Motion at an initial hearing thereon; and the Bankruptcy Court having entered an Order granting the Motion on an interim basis on May 5, 2023 [ECF No. 75] the ("Interim Order"); and the Bankruptcy Court having found that: (a) the Bankruptcy Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion and the hearings thereon were sufficient under the circumstances and that no further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of Debtor, its estate, and its creditors; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and adduced at the hearing thereon establish good and sufficient cause for the relief granted herein;

IT IS HEREBY ORDERED that:

1. the Motion is GRANTED on a final basis as set forth herein. Except as otherwise provided herein, the Interim Order is amended and superseded in its entirety by this Order;

2. subject to the terms of any adequate assurance agreements between Debtor and any Utility Provider, no Utility Provider may: (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, Debtor or the Park on the basis of the commencement of this Chapter 11 case or on account of outstanding prepetition amounts due; or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to Debtor receiving utility services;

3. except as to Salt River Project ("SRP"), subject to the terms of any adequate assurance agreements between the Debtor and any Utility Provider, each

Utility Provider is deemed to be adequately assured of future payment for purposes of section 366 of the Bankruptcy Code;

    4.    as to SRP, SRP is deemed to be adequately assured of future performance based on the following conditions:

    a. There are 10 separate accounts with SRP (collectively, the "SRP Accounts") covering electrical service to the Park;

    b. Prior to the Petition Date, the SRP Accounts were held in the name of Legacy Sports USA, LLC ("Legacy Sports");

    c. As of the Petition Date, SRP was holding an aggregate deposit for the SRP Accounts in the amount of $432,044.31 (the "Pre-Petition Deposit");

    d. The Pre-Petition Deposit was paid with monies from Legacy Cares, Inc. and Legacy Sports, which funds were provided to Legacy Sports by Legacy Cares pursuant to the terms of their Qualified Management Agreement for the purpose of paying the Pre-Petition Deposit;

    e. As of the Petition Date, SRP was owed the aggregate sum of $75,477.52 (the "Pre-Petition Charges") for service under the SRP Accounts;

    f. Pursuant to Section 366 (c)(4) of the Bankruptcy Code, SRP may offset the sum of $75,477.52 from the Pre-Petition Deposit in payment of the Pre-Petition Charges;

    g. SRP will change the account holder for each of the SRP Accounts from Legacy Sports to Legacy Cares, Inc., effective as of May 1, 2023; and

    h. SRP will continue to hold the remainder of the Pre-Petition Deposit ($356,566.79) as security for payment on the SRP Accounts going forward.

    5.    Debtor shall not withdraw or authorize any party to withdraw any amounts from an Adequate Assurance Account without further order of the Bankruptcy Court after notice and a hearing;

6. Debtor is authorized, but not directed, to pay on a timely basis and in accordance with its pre-petition practices, all undisputed invoices for post-petition Utility Services provided by the Utility Providers;

7. Debtor may adjust the amount in an Adequate Assurance Account to: (i) reflect the termination of Utility Services by Debtor regardless of any Additional Assurance Requests; and (ii) reflect agreements with Utility Providers;

8. if a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by Debtor, the Utility Provider must proceed as follows:

    a. Any Utility Provider may request additional assurance of payment (an "<u>Additional Assurance Request</u>") by submitting the request to: (i) Warner Angle Hallam Jackson & Formanek, PLC, c/o Henk Taylor, 2555 E. Camelback Rd, Suite 800, Phoenix, Arizona 85016; (ii) attorneys for any official committee; and (iii) the Office of the United States Trustee, 230 N. 1st Avenue, Suite 204, Phoenix, Arizona 85003;

    b. Any Additional Assurance Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of Debtor's payment history relevant to the affected account(s), including any security deposits or other pre-payments or assurances previously provided by Debtor, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from Debtor, along with an explanation of why such proposal is reasonable;

    c. If a Utility Provider makes an Additional Assurance Request that Debtor believes is reasonable, Debtor shall be authorized in its sole discretion to comply with such request without further order of the Bankruptcy Court;

    d. If Debtor believes that a Utility Provider's Additional Assurance Request is unreasonable, Debtor will schedule a hearing on twenty (20) days' notice to the Utility Provider (a

"Determination Hearing") to determine adequate assurance to such Utility Provider as necessary, or if additional assurance as to payment to such Utility Provider is necessary;

e. Pending resolution of a Utility Provider's Additional Assurance Request at a Determination Hearing, such party shall be prohibited from altering, refusing or discontinuing service to Debtor; and

f. A Utility Provider shall be deemed to have adequate assurance of payment unless and until a future Order of this Bankruptcy Court is entered requiring further adequate assurance of payment.

g. A Utility Provider shall be deemed to have adequate assurance of payment unless and until a future Order of this Bankruptcy Court is entered requiring further adequate assurance of payment.

9. Debtor is authorized, in its sole discretion, to amend Exhibit 1 to the Motion in order to add or delete any Utility Provider, and this Order shall apply to any such Utility Provider that is subsequently added to Exhibit 1. For those Utility Providers that are subsequently added to Exhibit 1, Debtor shall serve a copy of this Order on such Utility Provider, along with an amended Exhibit 1. Within twenty (20) days after adding a Utility Provider to Exhibit 1, Debtor shall make an additional deposit, as necessary, to maintain its Adequate Assurance Account at an amount no less than fifty percent (50%) of Debtor's estimated average monthly cost of Utility Services;

10. to the extent that any entity that is not listed on Exhibit 1 to the Motion believes that it is a utility within the meaning of section 366 of the Bankruptcy Code, that entity must make a written request to Debtor to be added to Exhibit 1. If Debtor agrees that the entity should be included on Exhibit 1, Debtor will add the requesting

- 5 -
Case 2:23-bk-02832-DPC    Doc 138    Filed 05/25/23    Entered 05/25/23 17:24:34    Desc
Main Document    Page 5 of 7

entity to Exhibit 1 in the manner identified in the preceding Paragraph of this Order. If Debtor disagrees, Debtor will schedule a hearing on twenty (20) days' notice to the requesting entity to determine if the requesting entity is a utility within the meaning of section 366 of the Bankruptcy Code; provided, however, that the requesting entity shall be prohibited from altering, refusing or discontinuing service to Debtor pending a resolution by the Bankruptcy Court;

11. nothing in this Order or the Motion constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on Exhibit 1 to the Motion;

12. nothing in this Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code;

13. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

14. Debtor shall serve a copy of this Order on each Utility Provider listed on Exhibit 1 to the Motion within five (5) business days of the date this Order is entered, and shall also serve this Order on each Utility Provider subsequently added to Exhibit 1 by Debtor or as a result of the Adequate Assurance Procedures;

15. the terms and conditions of this Order shall be effective and enforceable immediately upon its entry;

16. this Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**DATED AND SIGNED ABOVE.**

Approved as to form:

*/s/ Russell Johnson*
_____
Russell Johnson
Law Firm of Russell R. Johnson III, PLC
Attorney for SRP