PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (admitted *pro hac vice*)
Jordan A. Kroop (Arizona Bar No. 018825)
Cia H. Mackle (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
bsandler@pszjlaw.com
jkroop@pszjlaw.com
cmackle@pszjlaw.com

*Counsel for the Official Committee
of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| LEGACY CARES, INC., | Case No. 2:23-bk-02832-DPC |
| Debtor. | **SUMMARY COVER SHEET TO FOURTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES NOVEMBER 1, 2023 THROUGH DECEMBER 31, 2023** |

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Name of client: | Official Committee of Unsecured Creditors |
| Time period covered by this application: | November 1, 2023 – December 31, 2023 |
| Total compensation sought this period: | $77,667.00 |
| Total expenses sought this period: | $46.20 |
| Petition Date: | May 1, 2023 |
| Retention Date: | Effective May 15, 2023 |
| Date of order approving employment: | May 18, 2023 [DE 117] |
| Total compensation approved by interim order to date: | $323,541.00 |

| | |
|---|---|
| Total expenses approved by interim order to date: | $528.11 |
| Total allowed compensation paid to date: | $323,541.00 |
| Total allowed expenses paid to date: | $528.11 |
| Blended rate in this application for all attorneys: | $1,332.19 |
| Blended rate in this application for all timekeepers: | $1,248.66 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | N/A |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | N/A |
| Number of professionals included in this application | 3 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period: | 2 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application: | No |

This is a(n):   ☐ monthly   ☒ interim   ☐ final application

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 08/07/23 | 05/15/23 – 07/31/23 | $159,911.00 | $466.90 | $159,911.00 | $466.90 |
| 10/05/23 | 07/31/23 – 09/30/23 | $118,495.50 | $6.53 | $118,495.50 | $6.53 |
| 11/15/23 | 10/1/23 – 10/31/23 | $45,134.50 | $54.68 | $45,134.50 | $54.68 |

## PSZJ PROFESSIONALS

| Name of Professional Individual | Title | Year of Bar Admission | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Bradford J. Sandler | Partner | 1996 | $1,425.00 | 0.40 | $570.00 |
| Jordan A. Kroop | Of Counsel | 1995 | $1,350.00 | 52.80 | $71,280.00 |
| Cia H. Mackle | Of Counsel | 2006 | $925.00 | 2.40 | $2,220.00 |
| Beth D. Dassa | Paralegal | N/A | $545.00 | 0.30 | $163.50 |
| La Asia S. Canty | Paralegal | N/A | $545.00 | 6.30 | $3,433.50 |
| | | | **TOTALS** | **62.20** | **$77,667.00** |
| | | | **BLENDED RATE** | | **$1,248.66** |

## COMPENSATION BY CATEGORY

| Category | Hours Billed This Period | Total For Application |
|---|---|---|
| Asset Disposition | 40.40 | $54,540.00 |
| Case Administration | 1.40 | $889.00 |
| PSZJ Compensation | 9.40 | $8,251.00 |
| Other Professional Compensation | 1.60 | $1,435.50 |
| Financing | 6.10 | $8,242.50 |
| Operations | 0.10 | $142.50 |
| Plan and Disclosure Statement | 3.00 | $4,057.50 |
| Retention of Professionals/Other | 0.20 | $109.00 |
| **TOTAL** | **62.20** | **$77,667.00** |

## EXPENSE SUMMARY

| Costs/Expense | Amount Billed |
|---|---:|
| Pacer - Court Research | $12.60 |
| Lexis/Nexis – Research | $33.60 |
| **Total** | **$46.20** |

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (admitted *pro hac vice*)
Jordan A. Kroop (Arizona Bar No. 018825)
Cia H. Mackle (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
bsandler@pszjlaw.com
jkroop@pszjlaw.com
cmackle@pszjlaw.com

*Counsel for the Official Committee
of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| LEGACY CARES, INC., | Case No. 2:23-bk-02832-DPC |
| Debtor. | **FOURTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES NOVEMBER 1, 2023 THROUGH DECEMBER 31, 2023** |

Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), counsel for the Official Committee of Unsecured Creditors (the "**Committee**") of Legacy Cares, Inc. (the "**Debtor**"), submits its Fourth Interim fee application (the "**Application**") for the period from November 1, 2023 through December 31, 2023 (the "**Application Period**") in accordance with the *Order Approving Motion to (I) Permit Monthly Interim Fee Applications Under § 331; and (II) Establish Notice Procedure for Interim Fee Applications* [DE 194] (the "**Interim Compensation Order**"). In support of the Application, PSZJ respectfully states as follows:

**Preliminary Statement**

1. PSZJ requests: (a) interim allowance and payment of compensation in the amount of $77,667.00 for fees on account of reasonable and necessary professional services rendered to the Committee by PSZJ; and (b) reimbursement of actual and necessary costs and expenses in the amount of $46.20 incurred by PSZJ during the Application Period. PSZJ reserves the

Case 2:23-bk-02832-DPC    Doc 673    Filed 01/10/24    Entered 01/10/24 15:09:20    Desc
Main Document    Page 5 of 16

right to apply in the future for reimbursement of actual and necessary costs and expenses, if any, incurred by members of the Committee in connection with their service as members of the Committee during the Application Period.

**Jurisdiction and Basis for Relief**

2. The United States Bankruptcy Court for the District of Arizona (the "**Court**") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested in this application are sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (collectively, the "**Appendix B Guidelines**"), and the Interim Compensation Order.

**Background**

5. On May 1, 2023 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code.

6. On May 15, 2023, the Office of the United States Trustee appointed the Committee under Bankruptcy Code § 1102. *See* DE 91.

7. On June 7, 2023, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in this case.

**A. PSZJ Retention**

8. On May 18, 2023, the Committee filed the *Application to Employ Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors as of May 15, 2023* [DE 115].

9. On May 18, 2023, the Court entered an *Order Granting Application to Employ Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured*

*Creditors as of May 15, 2023* [DE 117] (the "**Retention Order**"). The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**B.    Compensation Paid and Its Source**

10.    All services for which PSZJ requests compensation were performed for or on behalf of the Committee. PSZJ has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZJ and any other person other than the partners of PSZJ for the sharing of compensation to be received for services rendered in this case. PSZJ has not received a retainer in this case.

11.    In accordance with the Appendix B Guidelines, the following exhibits are annexed to this Application:

- **Exhibit A** is a chart setting forth the Customary and Comparable Compensation Disclosures.
- **Exhibit B** sets forth a timekeeper summary that includes the respective names, positions, department, bar admissions, hourly billing rates and aggregate hours spent by each PSZJ professional and paraprofessional that provided services to the Committee during the Application Period. The rates charged by PSZJ for services rendered to the Committee are the same rates that PSZJ charges generally for professional services rendered to its non-bankruptcy clients.
- **Exhibit C-1** sets forth a task code summary that includes the aggregate hours per task code spent by PSZJ professionals and paraprofessionals in rendering services to the Committee during the Application Period.
- **Exhibit C-2** sets forth a disbursement summary that includes the aggregate expenses, organized by general disbursement categories, incurred by PSZJ in connection with services rendered to the Committee during the Application Period.
- **Exhibit D** is a Summary Cover Sheet of Application.
- **Exhibit E** contains PSZJ's invoices for the Application Period.

**Services Rendered and Disbursements Incurred During the Application Period**

12. Under the Appendix B Guidelines, PSZJ has classified all services performed for which compensation is sought for this period into one of several major categories. PSZJ attempted to place the services performed in the category that best relates to the service provided. But because certain services may relate to one or more categories, services pertaining to one category may be included in another category.

**C.  Asset Disposition**

13. This category includes work related to the many hearings and proceedings related to the sale of substantially all the Debtor's assets. During the Application Period, PSZJ, among other things: (i) conferred and corresponded with Debtor's counsel and other parties regarding the sale process, bids, and various other sale-related issues; (ii) prepared for and attended several hearings regarding the Committee's motion to convert and the sale process; and (iii) reviewed and analyzed the buyer's APA and correspondence with parties regarding the same.

   Fees:  $54,540.00            Hours:  40.40

**D.  Case Administration**

14. This category relates to work regarding administration of this case. During the Application Period, PSZJ, among other things: (i) maintained a memorandum of critical dates; and (ii) maintained and updated work in progress list.

   Fees:  $889.00             Hours:  1.40

**E.  Other Professional Compensation**

15. Time billed to this category relates to compensation of estate professionals. During the Application Period, PSZJ: (i) prepared orders and certifications of no opposition regarding AlixPartners' monthly fee statements; and (ii) reviewed the final fee application of privacy ombudsman and counsel.

   Fees:  $1,435.50            Hours:  1.60

**F. PSZJ Compensation**

16. During the Application Period, PSZJ: (i) prepared its third interim fee application, notice, certification of no opposition, and order regarding the same; (ii) conferred regarding fee hearing; and (iii) attended the hearing on its interim fee application.

    Fees: $8,251.00    Hours: 9.40

**G. Financing**

17. During the Application Period, PSZJ: (i) prepared for and attended a hearing on the cash collateral stipulation, reviewed the entered order, and updated the Committee regarding the same; and (ii) reviewed all professional fees incurred to date.

    Fees: $8,242.50    Hours: 6.10

**H. Operations**

18. Time PSZJ spent in this category during the Application Period was minimal, and included emails with AlixPartners regarding PII.

    Fees: $142.50    Hours: 0.10

**I. Plan & Disclosure Statement**

19. Time billed to this category relates to work performed relating to the formulation of a plan and disclosure statement. During the Application Period, PSZJ: (i) prepared an outline of a joint liquidating post-sale plan and disclosure statement; (ii) conferred with bondholders regarding plan; and (iii) reviewed supplemental declaration of AlixPartners.

    Fees: $4,057.50    Hours: 3.00

**J. Other Professional Retention**

20. Time billed to this category relates to work relating to the retention of non-PSZJ professionals. During the Application Period, PSZJ conferred regarding the second supplemental declaration regarding the retention of AlixPartners.

    Fees: $109.00    Hours: 0.20

21. The nature of work performed by PSZJ is fully set forth in the invoices attached as **Exhibit E**. These are PSZJ's normal hourly rates for work of this character. The

reasonable value of the services rendered by PSZJ for the Committee during the Application Period is $77,667.00.

22. In accordance with the factors enumerated in Bankruptcy Code § 330, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZJ has reviewed the requirements of the Bankruptcy Rules, the Appendix B Guidelines, and the Interim Compensation Order, and believes that this Application complies with them.

**Actual and Necessary Expenses Incurred by PSZJ**

23. As summarized in **Exhibit C-2**, PSZJ has incurred a total of $46.20 in expenses on behalf of the Committee during the Application Period for which it seeks reimbursement.

24. With respect to providers of on-line legal research services (*e.g.*, LEXIS and Westlaw), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

25. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Statement from PSZJ**

26. Under the *Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, PSZJ responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | Yes | | PSZJ agreed at the Court's urging to cap at $1,425 all timekeepers whose standard rate exceeds $1,425 |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | | | N/A |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No | |
| If the fee application includes any rate increases since retention in these Cases:<br><br>   i.    Did your client review and approve those rate increases in advance?<br><br>   ii.   Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | | N/A |

**The Fees and Expenses Requested Should Be Awarded Based On Applicable Law**

27. The fees and expenses requested by this Application are an appropriate award for PSZJ's services in acting as counsel to the Committee.

## A. Evaluation of Requests for Compensation

28. Under Bankruptcy Code § 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Under Bankruptcy Code § 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which PSZJ requests compensation and the costs incurred for which PSZJ requests reimbursement are for actual and necessary services rendered and costs incurred.

29. In determining the amount of allowable fees under Bankruptcy Code § 330(a) courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F. 2d 687, 691 (9th Cir. 1988).

30. In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U. S. C. § 2000 *et seq.,* and *Kerr v. Screen Extras Guild, Inc.* , 526 F. 2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U. S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases).

31. The time for which compensation is sought is detailed in PSZJ's invoices for the Fee Period comprising **Exhibit E**. PSZJ's services and time expenditures are reasonable in light of the labor required and outcome achieved in this case. PSZJ's charges for its professional services are based on the time, nature, extent, and value of such services and the cost of comparable services

in a case under the Bankruptcy Code. The compensation PSZJ seeks by way of this Application is the customary compensation commonly sought by PSZJ and other professionals representing trustees, committees, and debtors in similar circumstances.

**B.    Section 330(a)(3) Factors**

32.    Bankruptcy Code § 330(a)(3) sets forth five factors to be considered by the Court. Although several of these factors, such as the time involved and the timeliness of PSZJ's performance, were addressed above, PSZJ believes two of the five factors should be discussed separately again here. First, § 330(a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. PSZJ believes the facts of this case makes it evident that PSZJ's services were both necessary and beneficial to the estate. Second, § 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. PSZJ believes its attorneys are skilled and have performed well in this case, and that the fees charged by PSZJ are commensurate with the fees charged by PSZJ's counterparts engaged in non-bankruptcy specialties of the law.

**Reservation of Rights**

33.    It is possible that some professional time expended or expenses incurred by PSZJ during the Application Period are not reflected in this Application. PSZJ reserves the right to include such amounts in future fee applications.

**No Prior Request**

34.    No prior application for the relief requested in this Application has been made to this or any other court.

**Conclusion**

PSZJ respectfully requests that this Court enter an order: (a) allowing PSZJ (i) interim compensation for services rendered and expenses incurred during the Application Period in the amount of $77,667.00 of fees on account of reasonable and necessary professional services rendered to the Committee and (ii) reimbursement of actual and necessary costs and expenses in the amount

Case 2:23-bk-02832-DPC    Doc 673    Filed 01/10/24    Entered 01/10/24 15:09:20    Desc
Main Document    Page 13 of 16

of $46.20; (b) authorizing the Debtor to pay such amounts to PSZJ; and (c) granting any other relief that this Court deems necessary and appropriate.

Dated:  January 10, 2024				PACHULSKI STANG ZIEHL & JONES LLP

						By: */s/ Jordan A. Kroop*
						   Bradford J. Sandler (admitted *pro hac vice*)
						   Jordan A. Kroop (Arizona Bar No. 018825)
						   Cia H. Mackle (admitted *pro hac vice*)

						   *Counsel for the Official Committee*
						   *of Unsecured Creditors*

# DECLARATION OF JORDAN A. KROOP IN SUPPORT OF FOURTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES NOVEMBER 1, 2023 THROUGH DECEMBER 31, 2023

I, Jordan A. Kroop, declare under penalty of perjury under 28 U.S.C. § 1746 and under Bankruptcy Rule 2016 that:

1. I am an attorney at the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), with offices located, among other places, at 780 Third Avenue, 34th Floor, New York, New York 10017. I am duly admitted to practice law in the States of Arizona and New York and am in good standing in all jurisdictions in which I am admitted to practice law.

2. I have personally reviewed the information contained in the foregoing Application, and believe its contents to be true to the best of my knowledge. I believe that the Application complies with the Bankruptcy Rules, the Appendix B Guidelines, and the Interim Compensation Order.

3. All services for which PSZJ requests compensation were performed for or on behalf of the Committee. PSZJ has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZJ and any other person other than the partners of PSZJ for the sharing of compensation to be received for services rendered in this case. PSZJ has not received a retainer in this case.

4. PSZJ makes the following disclosures under Appendix B Guidelines: (a) the Court authorized the Committee to retain PSZJ as counsel in this Chapter 11 case under the *Order Granting Application to Employ Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors as of May 15, 2023* [DE 117] entered on May 18, 2023; (b) the billing rates in this Application are those disclosed and approved at retention except that all timekeepers whose standard rates exceed $1,425 are billing their time at $1,425.

5. The following are variances with the provisions of the Appendix B Guidelines, the date of the specific Court approval of such departure, and the justification of the departure: **None**.

Dated: January 10, 2024

/s/ *Jordan A. Kroop*
Jordan A. Kroop (Arizona Bar No. 018825)