SO ORDERED.

Dated: June 21, 2024

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re:

LEGACY CARES, INC.,

Debtor.

Chapter 11
Case No. 2:23-bk-02832-DPC

**ORDER CONFIRMING AMENDED PLAN OF LIQUIDATION**

Legacy Cares, Inc., (the "**Debtor**"):[1]

a. commenced this case on May 1, 2023 (the "**Petition Date**"), by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in this Court;

b. operated its business and managed its property during the Chapter 11 Case as a debtor in possession under Bankruptcy Code §§ 1107(a) and 1108;

c. proposed, along with the Committee and UMB as the Proponents, the *Amended Plan of Liquidation*, filed on May 17, 2024 [Doc 762] (the "**Plan**");

d. solicited Ballots for holders of Claims in Class 3 under the Plan—the only Class of Claims entitled to Vote to accept or reject the Plan—and served the Confirmation Hearing Notice on all parties in accordance with the *Order Approving Disclosures on an Interim Basis and Voting Procedures and Scheduling Confirmation Hearing,* on May 20, 2024 [Doc 765] (the "**Solicitation Order**"), as evidenced by the *Certificate of Service* [Doc 772] filed on May 24, 2024;

e. filed, on June 17, 2024, the *Declaration Of Emily Young On Behalf Of Epiq Corporate Restructuring, LLC Regarding Solicitation And Tabulation Of Ballots Cast On The Amended*

---

[1] Capitalized terms used but not defined in this order are defined in the Plan. The rules of interpretation set forth in the Plan apply to this order. "Including" means "including without limitation."

*Combined Disclosure Statement And Plan Of Liquidation* [Doc 794] (the "**Ballot Report**"), which details the results of the Plan voting process;

  f. filed, on June 18, 2024, the *Brief in Support of Plan Confirmation* (the "**Confirmation Brief**"), which attached the *Declaration of Keith Beirman in Support of Confirmation* (the "**Bierman Declaration**").

The Court has:

  a. set June 14, 2024, as the deadline by which Ballots to accept or reject the Plan were due (the "**Voting Deadline**") and the last date on which objections to the final approval of the Disclosures under Bankruptcy Code § 1125 and confirmation of the Plan could be filed (the "**Objection Deadline**");

  b. set June 21, 2024 at 1:30 p.m. (Arizona Time), as the date and time for the hearing to consider Confirmation of the Plan (the "**Confirmation Hearing**");

  c. conducted the Confirmation Hearing at that date and time, at which statements of counsel for the Proponents and other parties-in-interest were heard and at which evidentiary support for the findings of fact set forth below was offered and accepted into evidence;

  d. reviewed the Plan, the Ballot Report, the Confirmation Brief, the Bierman Declaration, and all filed pleadings, exhibits, and other documents regarding Confirmation;

  e. determined that no objections were filed or raised at the Confirmation Hearing regarding Confirmation or the final approval of the Disclosures under Bankruptcy Code § 1125;

  f. determined that notice of the Confirmation Hearing and the opportunity for Class 3 to Vote on, and any party in interest to object to Confirmation of, the Plan has been adequate and appropriate;

  g. taken judicial notice of all pleadings and other documents filed, all orders entered, and all evidence and arguments presented in this Chapter 11 Case; and

  h. determined after due deliberation that just cause exists for the findings of fact and conclusions of law contained, and for the relief granted, in this order.

4891-0948-6026.1 51998.002

2

Case 2:23-bk-02832-DPC   Doc 800   Filed 06/21/24   Entered 06/24/24 08:35:27   Desc
Main Document   Page 2 of 8

**THE COURT FINDS AND CONCLUDES:**[2]

**A.     Jurisdiction, Venue, and Core Proceeding**

1.      This Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Proponents are proper plan proponents under Bankruptcy Code § 1121(a).

**B.     Eligibility for Relief**

2.      The Debtor was and is an entity eligible for relief under Bankruptcy Code § 109.

**C.     Burden of Proof**

3.      The Proponents have met their burden of proving the applicable requirements for Confirmation under Bankruptcy Code § 1129(a) by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation.

**D.     Notice**

4.      Notice of (a) the Plan, (b) the Confirmation Hearing, (c) the Voting Deadline, and (d) the Objection Deadline was adequate under applicable provisions of the Bankruptcy Code, the Bankruptcy Rule, the Local Rules, and all other applicable law, rules, and orders of this Court. No further notice is required.

**E.     Voting**

5.      As described in the Ballot Report, Ballots to Vote to accept or reject the Plan were served on members of Class 3 in compliance with the Solicitation Order. The period during which the Debtor solicited acceptances or rejections to the Plan was a reasonable and sufficient period for holders of Claims in the Class 3 to make an informed decision to accept or reject the Plan under the circumstances. Solicitation was conducted in good faith and conducted in accordance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

6.      Under Bankruptcy Code § 1126(f), the Proponents were not required to solicit votes from holders of Claims in Classes 1 and 2 because those holders, whose Claims are unimpaired, are

---

[2] The following findings and conclusions constitute the Court's findings of fact and conclusions of law under Bankruptcy Rules 7052 and 9014.

deemed to accept the Plan. Under Bankruptcy Code § 1126(g), the Proponents were not required to solicit votes from holders of Claims in Class 4 because those holders were deemed to reject the Plan without Voting.

7. Class 3, the only Class of Claims entitled to Vote, has accepted the Plan.

**F.  Compliance with Bankruptcy Code Requirements**

8. The Plan satisfies all the applicable requirements for a confirmable Plan set forth in Bankruptcy Code §§ 1122 and 1123(a), insofar as the Plan properly classifies all Claims, properly specifies which Classes of Claims are impaired and unimpaired, properly sets forth the treatment of each Class of Claims, does not discriminate between Claims in the same Class, contains adequate means for implementation, does not issue non-voting equity securities, adequately identifies that the Debtor will have no directors or officers following the Effective Date, adequately identifies the Avoidance Actions and Causes of Action, and adequately identifies the Proponents as the Plan's co-proponents.

9. The Plan satisfies all applicable requirements of the Bankruptcy Code pertaining to Confirmation contained in Bankruptcy Code § 1129(a)(1) – (12) (except for (a)(8) with respect to Class 4), (c), and (d). Bankruptcy Code § 1129(a)(13 – (16) do not apply to the Debtor or the Plan. The Plan also satisfies the requirements for Confirmation in Bankruptcy Code § 1129(b)(2)(B) with respect to Class 4 because the Plan does not discriminate unfairly against, and is fair and equitable to, Class 4. The Proponents have proposed the Plan in good faith and not by any means forbidden by law. The liquidation analysis contained in the Plan and the other related evidence supporting uses appropriate methodologies and assumptions and establishes that each holder of an Impaired Claim either has accepted the Plan or will receive or retain under the Plan, on account of that Claim, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. Class 3, being the only Class of Impaired Claims entitled to Vote, has accepted the Plan. (There are no Classes of equity interests because the Debtor is a nonprofit corporation without equity holders.) Because the Plan calls for the liquidation of the Debtor's estate through the Liquidation Trust, the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

4891-0948-6026.1 51998.002

4

Case 2:23-bk-02832-DPC    Doc 800    Filed 06/21/24    Entered 06/24/24 08:35:27    Desc
Main Document    Page 4 of 8

There is no evidence that the Plan's principal purpose is to avoid taxes or the application of section 5 of the Securities Act of 1933. Finally, the Exculpated Parties have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) in connection with this case, the pursuit of Confirmation, and the property to be distributed under the Plan such that the Exculpated Parties have no liability to any holder of a Claim for any post-petition act or omission in connection with, related to, or arising out of, this case, the pursuit of Confirmation, and the property to be distributed under the Plan, except for crime, actual fraud, willful misconduct, or gross negligence.

**G.  Implementation**

10.  Each of the conditions precedent to the Effective Date contained in the Plan has been or is reasonably likely to be satisfied or waived.

11.  All documents necessary to implement the Plan have been negotiated in good faith and at arm's length and are, on completion of documentation and execution, valid, binding, and enforceable and not in conflict with any applicable law, rule, or regulation.

**H.  Executory Contracts and Unexpired Leases**

12.  The Debtor has demonstrated that it has exercised sound business judgment in rejecting the remaining executory contracts under the Plan and this order.

**I.  Waiver of Bankruptcy Rule 3020(e)**

13.  Based on the circumstances and exigencies in the case, cause exists and it is appropriate for the 14-day stay imposed by Bankruptcy Rule 3020(e) to be waived.

In consideration of the foregoing findings of fact and conclusions of law,

**THE COURT ORDERS:**

1.  **Disclosures Approved.** The Disclosures are finally approved as containing "adequate information" under, and as defined in, Bankruptcy Code § 1125.

2.  **Confirmation of the Plan**. The Plan is CONFIRMED. All the Plan's terms, except to the extent they are amended in this order, are incorporated into and are an integral part of this order irrespective of whether they are repeated in this order. The Liquidation Trust Agreement itself, and its execution, delivery, and performance by the Proponents and the Liquidation Trustee, are authorized and approved.

4891-0948-6026.1 51998.002
5
Case 2:23-bk-02832-DPC    Doc 800    Filed 06/21/24    Entered 06/24/24 08:35:27    Desc
Main Document    Page 5 of 8

3. **Amended Definition.** Section 4.18 of the Plan is deleted in its entirety and replaced with the following:

> **4.18 Causes of Action.** Claims constituting property of the Estate that may exist under federal and state law against former directors and officers of the Debtor including claims of breach of fiduciary duty, looting, conversion, and fraud, as well as claims against third parties involved in the financing of Legacy Park for violations of federal and state securities law, fraud, breach of contract, business torts, and other malfeasance. "Causes of Action" does not include any claims any entity other than the Debtor or the Estate may have against any other entity.

4. **Objections**. Any objections, responses to, statements, comments, and reservations of rights in opposition to the Plan, other than those resolved or withdrawn with prejudice in their entirety before or during the Confirmation Hearing, are overruled.

5. **Sources of Cash for Plan Distributions**. All Cash necessary for distributions on account of Allowed Claims under the Plan is available from the Debtor's existing Cash balance or from proceeds of the Remaining Assets as liquidated by the Liquidation Trust in accordance with the Plan.

6. **Governmental Approvals Not Required**. This order constitutes any approvals and consents required by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation and consummation of the Plan and any documents, instruments, or agreements related to the Plan (including the Liquidation Trust Agreement), without further action by any of the Proponents.

7. **Formation of the Liquidation Trust.** On the Effective Date, the Liquidation Trust is formed in accordance with the Plan and the Liquidation Trust Agreement. Jeremiah Foster is approved as Liquidation Trustee and takes office and serves in accordance with the Liquidation Trust Agreement.

8. **Debtor's CRO.** Keith Bierman may continue to serve the Debtor as its CRO through the Effective Date. As agreed with the Liquidation Trustee, Mr. Bierman may continue to serve as the CRO to assist the Liquidation Trustee in all appropriate matters related to the transfer of assets to, and operation of, the Liquidation Trust. When Mr. Bierman determines it appropriate, he may seek an order of the Court terminating his obligations to the Debtor and the Estate.

9. **Dissolution of the Committee.** The Committee continues in existence until the Effective Date to exercise the powers and perform the duties specified in Bankruptcy Code § 1103. On the Effective Date, the Committee is dissolved and the Committee's members are released of all their obligations in connection with the Chapter 11 Case or the Plan and its implementation. The retention or employment of the Committee's Professionals terminates on the Effective Date except that the Committee's Professionals may prepare final fee applications and seek the Court's approval of their final fee applications and be compensated for doing so as permitted by applicable law.

10. **Rejection of Executory Contracts and Unexpired Leases**. All executory contracts and unexpired leases to which the Debtor is a party are rejected as of the Effective Date under Bankruptcy Code § 365. All Rejection Claims must be filed by the Rejection Claims Bar Date. Any Rejection Claim not filed by the Rejection Claims Bar Date is forever barred. All Rejection Claims are General Unsecured Claims under the Plan.

11. **Administrative Claims Bar Date**. All requests for payment of an Administrative Claim (other than a Fee Claim but including any 502(b)(9) Claim) must be Filed no later than the Administrative Claims Bar Date. Any holder of an Administrative Claim (other than a Fee Claim) that fails to file and serve its request by the Administrative Claims Bar Date is forever barred from asserting its Administrative Claim against the Debtor or the Estate.

12. **Pre-Effective Date Injunctions or Stays**. All injunctions or stays, whether by operation of law or by order of the Bankruptcy Court, provided for under Bankruptcy Code § 362, or otherwise in effect on the Confirmation Date remain in full force until the Effective Date.

13. **Injunction and Exculpation Provisions**. The injunction and exculpation provisions set forth in Sections 13.1 and 13.2 of the Plan are approved and authorized in their entirety and bind all persons and entities to the extent provided in the Plan.

14. **Waiver of Stay**. For good cause shown, the stay of this order imposed by Bankruptcy Rule 3020(e) is waived such that this order is effective and enforceable immediately on its entry.

15. **Authorization to Consummate**. The Proponents may consummate the Plan at any time after the Court enters this order, subject only to satisfaction or waiver of the conditions to effectiveness set forth in Section 12.2 of the Plan.

16. **Failure of Consummation**. If the Effective Date does not occur, then nothing contained in the Plan: (a) waives or releases any Claims against the Debtor; (b) prejudices the rights of the holder of any Claim against the Debtor; (c) prejudices any right, remedy or Claim of the Debtor; (d) constitutes an admission against interest by the Debtor; or (e) constitutes a settlement of any kind.

17. **Notice of Effective Date**. The Proponents must file with the Court a notice of the occurrence of the Effective Date within three business days after the conditions in Section 12.2 of the Plan have been satisfied or waived and the Effective Date has occurred (the "**Effective Date Notice**"). Once the Effective Date Notice is filed with the Court, the Proponents need not serve the Effective Date Notice on any party-in-interest.

18. **Binding Effect**. On the Effective Date, the Plan and all its provisions, the Liquidation Trust Agreement, and this order bind and inure to the benefit of the Debtor, the holders of all Claims and their respective successors and assignees, and all parties-in-interest.

19. **Severability**. If any appellate court finds any provision of the Plan to be invalid, illegal, or unenforceable, the Court, at any Proponent's request or the Liquidation Trustee's request, may alter and interpret the Plan or any such provision to make it valid or enforceable to the maximum extent feasible, consistent with the original purpose of the provision held to be invalid or unenforceable, with such provision then applying as altered or interpreted.

20. **References to and Omissions of Plan Provisions**. The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this order does not diminish or impair the effectiveness of any such article, section, or provision, since the Court intends and orders that the Plan be confirmed in its entirety.

21. **Headings**. Headings used in this order are for convenient reference only and do not constitute a part of the Plan or this order for any other purpose.

22. **Retention of Jurisdiction**. The Court retains jurisdiction over all matters arising out of, and related to, this case including the matters set forth in Section 13.3 of the Plan.

* * * **SIGNED AND DATED ABOVE** * * *