1 Bradley A. Cosman (AZ 026223)
Thomas D. Ryerson (AZ 028073)
2 Zachary J. Stump (AZ 039670)
**PERKINS COIE LLP**
3 2525 E. Camelback Road
Suite 500
4 Phoenix, Arizona 85016-4227
5 Telephone: 602-351-8000
BCosman@perkinscoie.com
6 TRyerson@perkinscoie.com
ZStump@perkinscoie.com
7

8 *Counsel for the Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>LEGACY CARES, INC.<br><br>Debtor | Chapter 11<br><br>Case No. 2:23-BK- 02832 -DPC<br><br>**LIQUIDATION TRUST'S MOTION FOR AN ORDER UNDER FEDERAL RULE OF BANKRUPTCY 2004 FOR PRODUCTION OF DOCUMENTS** |

Jeremiah Foster of Resolute Commercial Services, as Liquidation Trustee for the Legacy Cares Liquidation Trust (the "**Trust**"), moves this Court to enter an order pursuant to Federal Rule of Bankruptcy 2004 allowing it to compel production of documents requested in <u>Attachment A</u> to this motion from AZ Athletic Associates LLC, and states as follows:

**INTRODUCTION**

The Trust seeks documents concerning the business dealings of Legacy Cares, Inc. ("**Debtor**"), the Debtor's acts, and any other such matters which may affect the Debtor's estate. In particular, the Trust is investigating distributions of funds by the Debtor during its time as operator and manager of Legacy Sports Park ("**Park**"). The Trust has come to learn that the business records reflecting on these matters are in the possession of the buyer of the Park's assets, AZ Athletic Associates LLC ("**Buyer**").

**I.  PROCEDURAL HISTORY**

1. The Debtor began as an entity called Legacy Cares, LLC, formed in June 2018 by Randy Miller. On January 14, 2020, the Debtor was converted from an LLC to a non-profit entity under Arizona law and renamed Legacy Cares, Inc.

2. On May 1, 2023, approximately one year after the Park opened, the Debtor filed its petition for chapter 11 bankruptcy. [Doc 1]. On June 21, 2024, this Court entered its *Order Confirming Amended Plan of Liquidation* [Doc 800]. Under Article 4 and 8 of the Amended Plan, Jeremiah Foster of Resolute Commercial Services was appointed as Liquidation Trustee for the Trust. [Doc 762]. Since that time the Trust has been investigating distributions of funds by the Debtor.

3. On November 21, 2023, the Debtor and Buyer entered into the Asset Purchase Agreement ("**APA**"), under which Buyer purchased the "Purchased Assets" of the Debtor, as that term is defined in the APA. [Doc 619] The Trust has come to learn that, as part of the transfer of those assets, Buyer

is in possession of a variety of the Debtor's business records which are relevant to the Trust's investigation into the Debtor's business dealings, acts, and other such matters which may affect the Debtor's estate.

## II. NEED FOR RELIEF

4. Under section 7.3(e) of the Amended Plan, the Liquidation Trustee received "all documents, books, and records" possessed by the Debtor [Doc 762]. Upon investigation of the records received by the Trust under section 7.3(e) of the Amended Plan, the accounting records maintained by the Debtor were summary records showing distributions from the Debtor to a variety of payees. The records, however, did not always contain the supporting documentation.

5. Upon information and belief, the supporting documentation needed to understand expenses are in Buyer's possession. And these supporting invoices are crucial for the Trust to be able to determine that the Debtor received commensurate value for the funds it distributed, and otherwise understand the Debtor's financial condition.

## ARGUMENT

### A. Legal Standard

6. The Court may order the examination of any entity relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). An "entity" is defined as any "person, estate, trust, governmental unit, and the United States trustee." 11 U.S.C. § 101.

- 3 -

7.     Courts have described the scope of a rule 2004 examination as "exceptionally broad," and it has even been compared to a "fishing expedition." *In re Duratech Indus., Inc.*, 241 B.R. 283 (Bankr. E.D.N.Y. 1999). The scope of a rule 2004 examination is not limitless, however, and they cannot be used for the purposes of abuse or harassment. *Id.*

### B.     Rule 2004 Examination is Warranted in this Case

8.     The Trust brings this motion to examine the Debtor's business dealings, acts, and other such matters which may affect the Debtor's estate. Specifically, the Trust seeks the documents described in <u>Attachment A</u>. All the requested documents in Attachment A relate to potential property and financial condition of the Debtor's estate.

### <u>CONCLUSION</u>

For the reasons set forth above, the Trust respectfully requests that this Court enter an order substantially in the form attached as Exhibit A to this motion authorizing a Rule 2004 order compelling Buyer to produce the documents requested in this motion within 21 days of entry of this order.

Dated: January 9, 2025

**PERKINS COIE LLP**

By: */s/ Bradley A. Cosman*
Bradley A. Cosman (AZ 026223)
Thomas D. Ryerson (AZ 028073)
Zachary J. Stump (AZ 039670)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227

*Counsel to Liquidation Trust*

# ATTACHMENT A

# DOCUMENTS REQUESTED

**PROPOUNDING PARTY:** Legacy Cares Liquidation Trust

**RESPONDING PARTIES:** AZ Athletic Associates LLC

**SET NUMBER:** One

The Trust requests, under Federal Rule of Bankruptcy Procedure 2004, that Responding Parties serve on the Trust, a verified, written response no later than 21 days following entry of the order requiring production, and produce for inspection and/or copying, on that same day at the offices of Perkins Coie LLP, 2525 East Camelback Road, Suite 500, Phoenix, AZ 85016 (or, subject to agreement by the parties, deposition remotely by videoconference utilizing secure web-based deposition options, which may include video teleconferencing and the exchange and presentation of deposition exhibits electronically), the following described documents which are in the possession, custody, or control of Responding Parties and/or their respective attorneys of record.

# INSTRUCTIONS

A. Please quote each Document Request before your response.

B. Each request extends to any DOCUMENT in YOUR possession, custody, or control. A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR physical custody or that of YOUR attorneys or representatives, or any of them, or if it is in the physical custody of any other person, and YOU or YOUR representatives (a) own such DOCUMENT in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such DOCUMENT; (c) have an understanding, express or

implied, that YOU or YOUR representatives may use, inspect, examine, or copy such DOCUMENT on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such DOCUMENT when YOU or YOUR representatives sought to do so.

C.  Each DOCUMENT produced should be organized and labeled to correspond with each numbered request.

D.  DOCUMENTS must be produced in the order in which they appear in your files and must not be shuffled or otherwise rearranged. Documents that, in their original condition, were stapled, clipped, or otherwise fastened together must be produced in such form.

E.  If any document responsive to any demand has been lost, mutilated, or destroyed, so state and set forth the general nature of each such document, the author or the originator, each addressee, all individuals designated on the document to receive a copy or otherwise known to have received a copy, the date, title, and general subject matter of each such document, the present custodian of each copy thereof, the last known address of each such custodian, and the demand(s) to which the document would have been responsive.

F.  References in this Document Request to corporations and business entities are also references to the entities' officers, directors, agents, employees, and attorneys, and each and every branch, subdivision, or subsidiary of the entity.

## **DEFINITIONS**

A.  The term "DEBTOR" refers to Legacy Cares, Inc., and its agents, representatives, affiliates, attorneys, or others acting on its behalf.

B.  The term "TRUST" refers to the Legacy Cares Liquidation Trust.

C. The term "OVG" refers to Oak View Group, and its agents, representatives, affiliates, attorneys or others acting on its behalf.

D. The term "PARK" refers to Legacy Park, located at 1 Legacy Drive, Mesa, AZ 85212.

E. The term "PETITION DATE" refers to May 1, 2023, the date the Debtor filed for bankruptcy protection.

F. As used herein, the words "DOCUMENT" and "DOCUMENTS" means all written, printed or electronic material (handwritten, typed, or otherwise reproduced) and includes any original, reproduction, or non-identical copy of any such material, without limitation, correspondence, memoranda, interoffice communications, notes, e-mails or other electronic messages, diaries, contract documents, business records, charts, graphs, drawings, plans, specifications, estimates, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, computer tapes or discs, movies, videotape recordings, photographs, negatives, slides, dictation belts, voice tapes, tape recordings, facsimiles, memoranda or notes of oral communications, tape records or transcripts thereof.

G. As used herein, the words "COMMUNICATION" and "COMMUNICATIONS" mean any meeting, conversation (face-to-face, telephonic, electronic or otherwise), discussion, e-mail, correspondence, message, text message, chat message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

H.  As used herein, the words "ALL DOCUMENTS" means each and every document as above defined known to you and every such DOCUMENT that can be located or discovered by reasonably diligent efforts.

I.  As used herein, the words "RELATE" or "RELATING TO" include concerning, referring to, alluding to, responding to, pertaining to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, and/or comprising.

J.  The singular includes the plural and vice versa; the words "AND" and "OR" shall be both conjunctive and disjunctive; the word "ALL" means "ANY AND ALL"; the word "ANY" means "ANY AND ALL."

K.  The relevant time period for these requests is January 1, 2020, to current unless otherwise indicated.

## DOCUMENT REQUESTED

**Document Request No. 1** | General Ledger from January 1, 2020 to the Petition Date.

**Document Request No. 2** | AP Aging from January 1, 2020 to the Petition Date, including all park operational expenses and supporting invoices for the same.

**Document Request No. 3** | Revenue reports from the Park for the period January 1, 2020 to the Petition Date.

**Document Request No. 4** | Tax returns covering any period from January 1, 2020 to the Petition Date.

**Document Request No. 5** | Balance Sheet, Income Statement, and Statement of Cash Flows from January 1, 2020 to the Petition Date.

**Document Request No. 6** | All bank statements from January 1, 2020 to the Petition Date.

**Document Request No. 7** | All invoices submitted for payment to the Debtor from 2020 to the Petition Date.

**Document Request No. 8** | All Payroll Reports, including both hourly employees and non-hourly salaried employees, from January 1, 2020 to the Petition Date.

**Document Request No. 9** | All documents related to employment, vendor, or sponsorship agreements entered on behalf of the Debtor from January 1, 2020 to the Petition Date.

**Document Request No. 10** | All contracts and engagement letters entered by the Debtor from January 1, 2020 to the Petition Date.

**Document Request No. 11** | All backup to all accounting, payroll, or operational software utilized by the Debtor from January 1, 2020 to the Petition Date.

**Document Request No. 12** | All documents and communications related to (1) Legacy Sports, LLC, (2) Legacy Sports TX, LLC, (3) Legacy Sports TN, LLC, (4) Elite Sports Group AZ, LLC, and (5) Elite Sports Group, LLC, and (6) Legacy Sports USA, LLC.

**Document Request No. 13** | All documents and communications otherwise related to the business dealings and financial condition of the Debtor.

| | |
|---|---|
| 1 | **EXHIBIT A** |
| 2 | Proposed Order |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | - 10 - |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LEGACY CARES, INC.<br><br>Debtor | Chapter 11<br><br>Case No. 2:23-BK- 02832 -DPC<br><br>**ORDER AUTHORIZING LIQUIDATION TRUST'S MOTION FOR PRODUCTION OF DOCUMENTS UNDER FEDERAL RULE OF BANKRUPTCY 2004** |

Upon the motion (the "**Motion**") by Legacy Cares Liquidation Trust (the "**Trust**") for entry of an order, pursuant to Federal Rule of Bankruptcy 2004, allowing it to compel production of documents from AZ Athletic Associates LLC as requested in the Motion, the Court states as follows:

After review of the Motion and statements therein, the Court finds that adequate notice and opportunity for a hearing on the Motion has been provided and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. In light of the foregoing, and good cause appearing,

170640717.2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Trust may seek the production of documents set forth on Attachment A (the "**Document Requests**").

3. AZ Athletic Associates LLC shall produce all documents and communications responsive to the Document Requests no later than 21 days following entry of this order.

4. The Trust's rights are reserved to request additional examinations or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained pursuant to this Order or otherwise obtained by the Trust without prejudice to the right of AZ Athletic Associates LLC to object in accordance with applicable rules.

5. This Order is without prejudice to a motion for a protective order or other relief as permitted by law.

6. This Court retains jurisdiction to resolve any and all issues arising under or related to this Order or the discovery hereby authorized, and to interpret, implement, and enforce the provisions of this Order.

**DATED AND SIGNED ABOVE**